UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RICHERSON, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:22-cv-000170-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis. Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

　　　　To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

　　　　The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action (April 15, 2022—mailbox rule), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

1) Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

2) The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous and is counted separately. Dkt. 15.

3) Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

4) Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

5) Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

In the present action, Plaintiff complains that the television, movie, and radio offerings at the prison are insufficient. For example, he states that only 40 television channels are offered at the prison, even though the current provider, Dish Network, offers over 400 channels.

There is no imminent danger of serious physical injury evident in the allegations contained in Plaintiff's new lawsuit. In addition, the subject matter is frivolous. *See Rahman X v. Morgan*, 300 F.3d 970, 973–74 (8th Cir. 2002) (lack of television, movies,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

or radio does not, as a matter of law, constitute an atypical and significant hardship); *Warren v. Irvin*, 985 F.Supp. 350, 353 (W.D.N.Y. 1997) (denial of telephone, packages, commissary, earphones, movies and television "does not represent the type of deprivation which could reasonably be viewed as imposing atypical and significant hardship on an inmate"); *Gonzalez v. Mullen*, No. C 09-00953 CW (PR), 2010 WL 1957376, at *3 (N.D. Cal. May 14, 2010) (a denial of "basic cable T.V." does not state a constitutional claim). Accordingly, this case is subject to dismissal with prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 4) is DENIED, and this action is DISMISSED as frivolous under 28 U.S.C. § 1915.

DATED: June 1, 2022

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**